UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __06.19.15__
```

CHARLES STENSON,

                              Petitioner,

   -v-                                                  No. 11-cv-5680 (RJS) (AJP)
                                                        ORDER
PHILLIP D. HEATH,

                              Respondent.

RICHARD J. SULLIVAN, District Judge:

        Charles Stenson ("Petitioner") brings this petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 (Doc. No. 1 (the "Petition" or "Pet.")), challenging his conviction in New York

Supreme Court, New York County, on one count of second degree burglary and one count of fourth

degree grand larceny, for which he was sentenced to concurrent sentences of eight years of

imprisonment.   Now before the Court is the Report and Recommendation of the Honorable

Andrew J. Peck, Magistrate Judge, recommending that the Petition be denied (Doc. No. 11 (the

"Report" or "Rep.")), as well as Petitioner's objections to the Report (Doc. No. 16 ("Obj.")). The

relevant facts and procedural history relating to the Petition are set forth in detail in the Report.

For the reasons set forth below, the Court adopts the Report in its entirety and denies the Petition.

## I. LEGAL STANDARD

        A federal court may grant habeas corpus relief only if a claim that was adjudicated on the

merits in state court (1) "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United

States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Clearly

established Federal law means the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state court decision." *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (internal quotation marks omitted). A state court decision is "contrary to" such a holding only where the state court "either 'arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law' or 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [the opposite result].'" *Lainfiesta v. Artuz*, 253 F.3d 151, 155 (2d Cir. 2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 402 (2000)). An "'unreasonable application' of those holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (internal quotations omitted). A federal court should grant habeas relief only if "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011)).

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a petitioner makes specific objections to a magistrate judge's findings, the court must undertake a de novo review of the objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

2

Pro se filings are read liberally and interpreted "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted). However, where objections are "conclusory or general," or where the petitioner "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (citation and internal quotation marks omitted); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at \*1 (S.D.N.Y. May 23, 2008). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *SEC v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008) (quoting *Chen v. Bd. of Immigration Appeals*, 435 F.3d 141, 145-46 (2d Cir. 2006)).

## II. DISCUSSION

The Petition asserts two claims, both of which the Report thoroughly addressed and rejected. Specifically, Petitioner argues that (1) the trial court violated Petitioner's double jeopardy, due process, and fair trial rights, as well as the doctrine of collateral estoppel, when it allowed evidence to be admitted concerning four credit cards recovered from him when he was arrested, even though the counts related to the credit cards had been dismissed, and (2) Petitioner's trial attorney was ineffective for failing to object to the credit card evidence on double jeopardy and due process grounds. Petitioner objects to each of the Report's conclusions in this regard. The Court addresses each objection in turn.

### A. Admitting the Credit Card Evidence

Petitioner argues that the trial court violated his fair trial, due process, and double jeopardy rights, and acted contrary to the doctrine of collateral estoppel, when it permitted the prosecution to admit the credit card evidence. Petitioner asserts that because the charges in the indictment

relating to Petitioner's possession of the credit cards had been dismissed, it violated his fair trial and due process rights to admit evidence that he was carrying the credit cards when he was arrested. The trial court, state appellate court, and Judge Peck each rejected this argument, noting that although evidence of uncharged crimes is generally inadmissible under New York law, there is a well-established exception when the evidence is relevant to an issue other than a defendant's propensity to commit criminal acts. *See People v. Molineux*, 168 N.Y. 264, 293 (1901).  Here, the prosecution sought to introduce the credit card evidence to establish Petitioner's identity – one of the well-established exceptions to the general rule – as being that of the burglar. *Id.* (listing the fifth exception as "the identity of the person charged with the commission of the crime on trial"). Consequently, the Report concluded that the trial court properly admitted the credit card evidence. (Rep. at 32.)  Furthermore, the Report concluded that even if the admission of the evidence was erroneous, it did not deprive Petitioner of a fundamentally fair trial, since the trial court gave a thorough limiting instruction to ensure that the jury used the credit card evidence only for identification purposes.  (Rep. at 33.)  Finally, Judge Peck found that, in any event, habeas relief was not warranted, since the Supreme Court has never held that the admission of evidence of uncharged crimes gives rise to a constitutional violation.  (Rep. at 35.)

The Report also rejected Petitioner's claims that his double jeopardy rights and the doctrine of collateral estoppel were violated when the trial court admitted the credit card evidence after the counts relating to Petitioner's possession of the credit cards were dismissed for insufficiency of the evidence.  The Report concluded that the dismissal of the credit card-related counts was not a "final determination on the merits" for collateral estoppel purposes because the court did not conclude that Petitioner did not steal the credit cards, merely that the prosecution had not presented sufficient evidence to establish the counts to the grand jury.  Furthermore, the prosecution was

granted leave to present the credit card-related counts to a new grand jury.  (Rep. at 38-39.)
Similarly, the Report rejected Petitioner's double jeopardy claim because Petitioner was never
tried for the credit card charges.  (Rep. at 40.)

Petitioner objects to the Report on several grounds.  First, he argues that the judge who
dismissed the credit card-related counts violated New York Criminal Procedure Law § 210.20(4)
when she authorized the people to re-submit the dismissed charges to a new grand jury.  (Obj. at
1.)  According to Petitioner, the court did not have the power to authorize the prosecutor to
resubmit the dismissed charges before the prosecution made a formal request.  *See* N.Y. Crim.
Proc. Law § 210.20(4).  He also asserts that this invalid authorization "is a key factor" in his second
argument, which is that the dismissal of the credit card-related counts in the indictment amounted
to a "final judgment, tantamount to an acquittal."  (Obj. at 2.)  Petitioner emphasizes that it was
the court that dismissed the credit card-related counts, not the grand jury, which makes the cases
that the Report cites inapposite.  Under Petitioner's reading of § 210.20(1)(b) and § 210.20(4), "[a]
court ordered dismissal . . . is a final [j]udgment, tantamount to an acquittal, unless the prosecution
requests, by application, authorization to re-submit the dismissed charges to a new grand jury, is
given authorization, and re-submits the dismissed charges to that new grand jury."  (Obj. at 3.)
Finally, Petitioner also objects to the Report's conclusion that the trial court's limiting instructions
were sufficient to prevent the jury from using the credit card evidence for an improper purpose
and asserts that the jury would not have been able to convict him without the credit card evidence.

Petitioner's first two objections were not squarely addressed in the Report, and
accordingly, the Court reviews them de novo.  Petitioner's argument that the trial court violated
N.Y. Crim. Proc. Law § 210.20(4) is not cognizable on federal habeas review because it is a state
law claim and he does not allege a violation of any federal law.  *See Estelle v. McGuire*, 502 U.S.

62, 67-68 (1991) (reaffirming that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").   In any event, New York law clearly establishes that a court's dismissal of a grand jury indictment under N.Y. Crim. Proc. Law § 210.20(4) does *not* constitute a final judgment for collateral estoppel purposes because the statute explicitly permits "the people to submit the charge or charges to the same or another grand jury." *See McGrath v. Gold*, 36 N.Y.2d 406, 412 (1975) (holding that "there was not the requisite finality [to invoke collateral estoppel] since the dismissal would not bar a trial based on a subsequent accusatory instrument charging the identical offenses").   Similarly, the Court rejects Petitioner's double jeopardy claim because, contrary to Petitioner's argument that the trial amounted to a relitigation of acquitted charges, Petitioner was never acquitted or convicted of the credit card-related charges. *See Monge v. California*, 524 U.S. 721, 727-28 (1998) (holding that the Double Jeopardy Clause "protects against successive prosecutions for the same offense after acquittal or conviction").

Petitioner's final objection, that the trial court's limiting instructions about the credit card evidence were inadequate to provide him with a fair trial and therefore violated his due process rights, is recycled from his Petition and is subject to clear error review.  Like Judge Peck, the Court finds that the trial court properly admitted the credit card evidence as tending to prove Petitioner's identity as the burglar.  Furthermore, the Court agrees that the trial court's limiting instruction was appropriate and adequate.  Finally, the Court finds that even if the evidence were deemed to have been improperly admitted, and the limiting instruction inadequate, "the Supreme Court has never taken an unambiguous position on whether the admission of prior bad acts evidence in state court – even when introduced to show criminal propensity – violates due process," and therefore the trial court's ruling cannot be the basis for habeas relief. *Lugo v. Furness*, 2011 WL 1303365, at

*6 (E.D.N.Y. Mar. 31, 2011) (citing *Estelle v. McGuire*, 502 U.S. 62, 75 n.2 (1991)).  Accordingly,

the Court concludes that the Report was not clearly erroneous in rejecting Petitioner's objections.

### B.  Ineffective Assistance of Counsel

Petitioner also argues that his trial counsel's assistance was constitutionally deficient

because his attorney did not object to the admission of the credit card evidence on double jeopardy

or due process grounds.  In order to prevail on a claim for ineffective assistance of counsel,

Petitioner must establish that (1) "[his] counsel's representation fell below an objective standard

of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466

U.S. 668, 688, 694 (1984).  Because trial counsel in fact did repeatedly object to the admission of

the credit card evidence, on the very grounds that Petitioner asserts, the Report concluded that

Petitioner could not meet either prong of the *Strickland* test.  (Rep. at 40-41.)

Petitioner makes the same argument in his objections to the Report that he made below –

namely, that trial counsel failed to object to admission of the credit cards on the grounds that the

dismissed indictment was a final judgment.  (Obj. at 5-6.)  Because the Court has already found

that the dismissed indictment was not a final judgment and could not form the basis for valid due

process or double jeopardy claims, the Court also finds that the Report was not clearly erroneous

in concluding that Petitioner's trial counsel was not ineffective.  Accordingly, the Court adopts the

Report's rejection of Petitioner's ineffective assistance claim.

### III.  Conclusion

For the reasons set forth above, the Court adopts the Report in its entirety and DENIES the

Petition.  A certificate of appealability will not issue because Petitioner has not made a substantial

showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *see also Love v.*

*McCray*, 413 F.3d 192, 195 (2d Cir. 2005).  The Clerk of the Court is respectfully directed to close

this case.

SO ORDERED.

Dated:          June 18, 2015
                New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE